UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MERCADO BLANCO (A# 249-369-622),

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 1:26-cv-06346 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a citizen and national of Venezuela, arrived at the San Ysidro (CA) Port of Entry on December 5, 2023, and applied for entry via the CBP One Program. ECF No. 6 at 8 (Form I-213). Immigration officials issued Petitioner a Notice to Appear ("NTA") before an immigration judge ("IJ") on April 29, 2027, and granted his parole into the United States. Id.; see also id. at 12-15 (NTA). On May 22, 2026, local law enforcement arrested Petitioner for evading arrest under Texas Penal Code § 38.04(b), a Class A misdemeanor. ECF No. 6 at 21-22 (FBI "rap sheet"). On June 2, 2026, prosecutors rejected the charge. Id. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on June 3, 2026, upon his release from a county detention facility. Id. at 5-6. Petitioner is detained at the California City Immigration Processing

Center within this judicial district. ECF No. 1 at 1.

In his pro se petition, Petitioner challenges his arrest and detention under both the procedural (Count One) and substantive (Count Two) components of the Due Process Clause of the Fifth Amendment. ECF No. 1 at 6-7. By way of relief, Petitioner requests his immediate release. Id. at 7. Respondents counter that Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b)(2) and lacks a right to freedom from immigration detention other than the form provided by that statute. ECF No. 6 at 1-2 (citing, *inter alia*, Dept. of Homeland Security v. Thuraissigiam, 591 U.S. 103, 139 (2020)). If the Court nevertheless determines Petitioner is subject to 8 U.S.C. § 1226(a), Respondents do not oppose a bond hearing. Id.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

## III. Analysis

The undersigned agrees with Respondent that Petitioner appears subject to 8 U.S.C. § 1225(b) by virtue of his application for entry at the San Ysidro border and subsequent release on parole. See ECF No. 6 at 12 (Dec. 5, 2023, NTA classifying Petitioner as an "arriving alien" under 8 U.S.C. § 1225(a)). However, as a parolee, Petitioner has a protected liberty interest in his continued freedom.[1] See Morrissey, 408 U.S. at 482. As to the Mathews factors, the assigned

[1] The undersigned rejects Respondents' argument to the contrary and finds their reliance on Thuraissigiam—which concerned an individual arrested mere yards from the border a short time after entering the United States without inspection, and who DHS had never released into the United States, not an individual like Petitioner who has established meaningful ties to the United States—inapposite. See Padilla, 704 F. Supp. 3d at 1171-72 ("[Thuraissigiam's] discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."); Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2025) (interpreting Thuraissigiam as "circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.") (emphasis in original).

District Judge has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on recognizance under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

Considering this record, and consistent with these rulings, the undersigned finds that Petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. Respondents do not argue that there were exigent circumstances justifying his detention without such process, and the undersigned does not believe that Petitioner's May 2026 arrest shows he is a risk of flight or danger where prosecutors promptly rejected charges. Accordingly, the appropriate remedy is immediate release.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's § 2241 petition for writ of habeas corpus (ECF No. 1) be GRANTED on its procedural due process claim (Count One).

2. Respondents be ordered to immediately release Petitioner RICHARD MERCADO BLANCO (A# 249-369-622) from their custody.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Immigration Processing Center with a copy of any release order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE